# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**CHAVONNE S. GIBSON**                                                          **PLAINTIFF**

VS.                                                **CIVIL ACTION NO. 1:16-cv-00128-DAS**

**VENTURE EXPRESS, INC.**
**and GLENN S. DRUMMOND**                                           **DEFENDANTS**

## MEMORANDUM OPINION

This matter arises on Defendants' Motion for Summary Judgment [28]. After considering the matter, the court finds as follows:

*Facts and Procedural History*

On October 17, 2012, Chavonne Gibson was travelling in the right, east-bound lane of U.S. Highway 82. Up ahead, she saw a school bus in front of a Venture Express truck. The driver of the truck, Glenn Drummond, testified during deposition that he was stopped behind the school bus with his foot on the brake and his emergency lights flashing. However, Gibson testified that she never lost sight of the truck and that she saw neither brake lights nor emergency flashers. Therefore, she perceived that the truck was moving. According to Gibson, this misperception caused her to approach the truck at a high rate of speed and ultimately to collide with the truck.

The Defendants argue that either 1) the truck was moving and Gibson ran into the back of a moving vehicle, or 2) the truck was stopped, with its brake lights and flashers on, and Gibson collided with a stopped vehicle. Although she has difficulty judging distances and speed, Gibson admits that she had sufficient distance to stop from the first time she saw the truck had she thought she needed to do so. However, she contends Drummond's failure to activate signals

sufficient to warn approaching motorists that he was stopped, or Defendants' failure to maintain the warning signals in working order, contributed to the accident.

## *Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citations omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

## *Analysis and Discussion*

Under Mississippi law:

> [T]he driver of a vehicle following along behind another, and not attempting to pass, has a duty encompassing four interrelated functions: he must have his vehicle under proper control, keep a proper look-out ahead, and commensurate therewith drive at a speed and sufficient distance behind the preceding vehicle so that should the preceding vehicle stop suddenly, he can nevertheless stop his vehicle without colliding with the forward vehicle.

*White v. Miller*, 513 So. 2d 600, 601 (Miss. 1987).

In *White*, the Mississippi Supreme Court found Miller liable for rear-ending White because:

> Miller did not know her approximate speed, she was driving approximately one car length behind the White vehicle when she saw the truck turn off in front of White into the Dixie Gas station, *and saw the White vehicle brake lights come on.* There is no way any rational jury could reach any conclusion but that Miller in following the White vehicle failed in either one or more of her duties to keep a proper lookout ahead, keep her car under proper control, and commensurate therewith drive at a speed and sufficient distance behind the preceding vehicle to stop without colliding into its rear end when that vehicle stopped to allow the truck to turn off the street.

*Id.* at 602 (emphasis added). Notably, the court found White was entitled to a directed verdict on Miller's liability, in part, because "Miller d[id] not contend . . . that Mr. White was contributorily negligent in stopping his vehicle." *Id.*

In her response to Defendants' motion for summary judgment, Gibson "concedes that she may have been negligent" but argues that Drummond's failure to signal and/or maintain his signals in working order contributed to the accident. This argument squarely aligns this case with *Dean v. Dendy*, 253 So. 2d 813, 815 (Miss. 1971). Dean rear-ended Dendy. *Id.* The Mississippi Supreme Court affirmed the trial court's granting of a peremptory instruction to Dendy regarding Dean's negligence and a comparative negligence instruction to Dean regarding Dendy's negligence:

> We think it is clear that Mrs. Dean was guilty of some negligence; such as, not stopping, not keeping a lookout, traveling too fast, not having the car under control, which negligence, at least, contributed to the accident and to Mrs.

> Dendy's injuries; and we cannot say that the court was in error in giving the peremptory instruction.
>
> We also think the comparative negligence instruction was justified by the evidence. Although Mrs. Dendy knew the other car was approaching, she stopped without giving any signals to the approaching car; and, as stated, there is no evidence her car's 'stop' or 'back-up' lights were operating.

*Id.*

In short, the parties dispute whether the truck was stopped at the time of the collision, whether Drummond properly signaled that he was stopped, and whether Drummond's signals were in proper working order. These disputed facts render summary judgment inappropriate.

## *Conclusion*

For the reasons fully explained above, the Defendants' Motion for Summary Judgment [28] is DENIED. This case shall PROCEED TO TRIAL.

SO ORDERED, this the 11th day of September, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE